**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ANDERSON DESIGN GROUP, INC.,

Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

Defendants.

Case No. 25-cv-11640

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff Anderson Design Group, Inc. ("Anderson Design Group") brings this action for copyright infringement. Defendants OP poster, Heartwarming Art Painting, reborn Tong, The Arts House Sc, RCposter, EJJ Decorative Painting Expert, khaki poster, JQ WallArtHaven, LJHPainting Shop, BJX Digital oil painting expert, KSF decorative painting, FFD Decorative paintings and posters, YCX PixelPalette, poster heaven, SCN decorative painting, Fantastic Wall Decoration, Bieautiful poster, and WY Digital oil painting poster (together, the "Group A Defendants") move to dismiss for misjoinder. [45].

For the reasons stated, the Court holds the Motion to Dismiss [45] in abeyance pending limited discovery as to the relationships among the Group A Defendants.

### I. Background

Anderson Design Group is the owner of United States Copyright Registration No. VA 2-429-051 (the "Anderson Design Group Work"). [1] ¶¶ 5, 10; [1-1]. Anderson

1

Design Group alleges that the Group A Defendants are foreign entities who sell pirated derivative works of the Anderson Design Group Work. *Id.* ¶ 20. Anderson Design Group maintains that such actions constitute copyright infringement. *Id.*

On September 25, 2025, Anderson Design Group filed this action naming 181 Defendants. [1] [2]. Since then, most Defendants have been terminated, [25] [39] [44], with only the Group A Defendants remaining.[50].

On December 10, 2025, the Group A Defendants moved to dismiss, pursuant to Rule 20(a)(2), for improper joinder.[1] [45]. Though they are represented by the same defense counsel, the Group A Defendants maintain they are "different and not affiliated to each other" and therefore forcing them to litigate in a single action together is improper. *Id.* at 4, 8.

## II.   Analysis

This case presents an unusual set of facts. Ordinarily, joint representation of multiple defendants by the same defense counsel does not automatically imply coordination for purposes of joinder. But the scale here is difficult to ignore. By this Court's count, counsel for the Group A Defendants represents roughly 290 Schedule A defendants across this case and at least ten[2] other cases in this district. And in at

---

[1]As all other Defendants (*i.e.*, non-Group A Defendants) have been terminated from this action, the Court does not consider improper joinder with respect to those other Defendants.

[2]*Susan Florence Comish v. The P'ships et al.*, No. 25-cv-07049 (N.D. Ill. 2025); *Susan Florence Comish v. The P'ships et al.*, No. 25-cv-07393 (N.D. Ill. July 24, 2025); *Angela Isabel Porter v. The P'ships et al.*, No. 25-cv-08071 (N.D. Ill. Sept. 29, 2025); *Elaine Kay Maier v. The P'ships et al.*, No. 25-cv-07534 (N.D. Ill. 2025); *Greg Alexander v. The P'ships et al.*, No. 25-cv-07026 (N.D. Ill. Sept. 4, 2025); *Laurie Snow Hein v. the P'ships et al.*, 1:25-cv-12608 (N.D. Ill. Dec. 15, 2025); *Michele Natale d/b/a Michael*

least eight of those other cases, nearly identical motions to dismiss for misjoinder have been filed. It is highly unlikely that 290 unaffiliated defendants independently reached the same counsel and then aligned on a joint defense strategy. The more plausible explanation is that some central entity is coordinating these filings and directing counsel on behalf of those defendants.

Counsel's own admissions confirm this. In the case before Judge Durkin, counsel for the Group A Defendants acknowledged that he communicates with a "single representative" for all of the Schedule A defendants he represents in that case. *Hein*, 1:25-cv-12608, [39] at 3:16–4:3. Though no such admission has been made here, when considered alongside the lockstep conduct across the eight cases, it suggests that the Group A Defendants are also being coordinated via a central entity. That arrangement is inconsistent with the notion that the Group A Defendants are unaffiliated.

Given the unique circumstances presented, the Court believes that limited discovery into the relationships among the Group A Defendants is the most prudent course of action. If discovery reveals a relationship among all of the Group A Defendants, this case can proceed with them together. If it instead reveals coordination among distinct groups of the Group A Defendants, the Court can sever those groups into separate cases. And, of course, if the Group A Defendants' assertion

---

*Christmas Art v. The P'ships et al.*, No. 25-cv-11164 (N.D. Ill. Dec. 10, 2025); *Elan Harris v. The P'ships et al.*, No. 25-cv-12180 (N.D. Ill. Dec. 15, 2025); *Caroline Valsaint v. The P'ships et al.*, No. 25-cv-12919 (N.D. Ill. Dec. 15, 2025); *Catherine Frances Raynor v. The P'ships et al.*, No. 25-cv-11809 (N.D. Ill. Dec. 10, 2025).

that they are "not affiliated with each other" holds true, the Court can pursue other remedies.

### III. Conclusion

For the stated reasons, the Court will hold the Group A Defendants' Motion to Dismiss [45] in abeyance pending limited expedited discovery as to the relationships among the Group A Defendants. The Court grants Anderson Design Group 60 days to complete this discovery. By May 1, 2026, Anderson Design Group and the Group A Defendants shall submit a joint status report containing agreed upon dates for serving and answering written discovery and the parameters of such discovery.

E N T E R:

Dated: April 24, 2026

MARY M. ROWLAND
United States District Judge

4